UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MELINDA ANN LOMAS, | ) | Case No. EDCV 14-00760-JEM |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER AFFIRMING DECISION OF |
| | ) | THE COMMISSIONER OF SOCIAL |
| CAROLYN W. COLVIN, | ) | SECURITY |
| Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## PROCEEDINGS

On April 30, 2014, Melinda Ann Lomas ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability and Disability Insurance benefits and for Supplemental Security Income ("SSI") benefits.  The Commissioner filed an Answer on July 31, 2014.  On November 21, 2014, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed  and this case dismissed with prejudice.

## BACKGROUND

Plaintiff Melinda Ann Lomas is a 52-year-old female who applied for Social Security Disability and Disability Insurance benefits on February 1, 2011 and Supplemental Security Income benefits on January 31, 2011, alleging disability beginning November 28, 2006.[1]  (AR 17.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since November 28, 2006, the alleged onset date.  (AR 19.)

Plaintiff's claims were denied initially on August 5, 2011 and on reconsideration on April 4, 2012.  (AR 17.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") William K. Mueller on December 11, 2012 in San Bernardino, California.  (AR 17.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 17.)  Vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing.  (AR 17.)

The ALJ issued an unfavorable decision on January 8, 2013.  (AR 17-25.)  The Appeals Council denied review on February 24, 2014.  (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

1.     Whether the ALJ properly determined that Plaintiff has a non-severe physical or mental impairment.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan,

---

[1]     Title XVI payments are not payable retroactively from the January 31, 2011 application date.  (AR 22.)  Title II payments are payable only from 17 months prior to the February 1, 2011 application date, which is October 1, 2009.  (AR 22.)

1  924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by

2  substantial evidence and based on the proper legal standards).

3        Substantial evidence means "'more than a mere scintilla,' but less than a

4  preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting

5  Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such

6  relevant evidence as a reasonable mind might accept as adequate to support a

7  conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation

8  omitted).

9        This Court must review the record as a whole and consider adverse as well as

10  supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

11  Where evidence is susceptible to more than one rational interpretation, the ALJ's

12  decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599

13  (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole

14  and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"

15  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

16  1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

17                             **THE SEQUENTIAL EVALUATION**

18        The Social Security Act defines disability as the "inability to engage in any

19  substantial gainful activity by reason of any medically determinable physical or mental

20  impairment which can be expected to result in death or . . . can be expected to last for a

21  continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A),

22  1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to

23  determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

24        The first step is to determine whether the claimant is presently engaging in

25  substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the

26  claimant is engaging in substantial gainful activity, disability benefits will be denied.

27  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether

28  the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at

746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since November 28, 2006, the alleged onset date.  (AR 19.)

At step two, the ALJ determined that Plaintiff has the following medically determinable impairments: diabetes mellitus, and affective disorder.  (AR 19-20.)  The ALJ, however, found that Claimant does not have a severe impairment or combination of impairments that has significantly limited the ability to perform basic work-related activities for 12 consecutive months.  (AR 20-25.)  The ALJ also made an adverse credibility finding that Plaintiff does not challenge here.  (AR 21, 22.)  The ALJ thus concluded that Plaintiff does not have a severe impairment or combination of impairments.  (AR 25.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act.  (AR 25.)

**DISCUSSION**

**I.    THE ALJ'S NONSEVERITY FINDING IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff Melinda Ann Lomas contends that the ALJ's step two finding that she does not have a severe impairment or combination of impairments is unsupported by substantial evidence.  The Court disagrees.

**A.    Relevant Law Regarding Step Two Severity Findings**

At step two of the sequential inquiry, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments.  Bowen v. Yuckert, 482 U.S. at 140-41.  An impairment is not severe if it does not significantly limit the claimant's physical and mental ability to do basic work activities.  20 C.F.R. § 404.1520(c) and 1521(a); Smolen, 80 F.3d at 1290.  Basic work activities mean the abilities and aptitudes necessary to do most jobs including physical functions like walking, standing, sitting and

1  lifting, and mental functions like the ability to understand and carry out simple
2  instructions.  20 C.F.R. § 404.1521(b): <u>Smolen</u>, 80 F.3d at 1290.

3        The ALJ must consider the combined effect of all the claimant's impairments on
4  his ability to function, regardless of whether each alone was sufficiently severe.  20
5  C.F.R. § 404.1520(a)(4)(ii); <u>Smolen</u>, 80 F.3d at 1290.  Also, the ALJ must consider the
6  claimant's subjective symptoms in determining severity.  SSR 98-13; <u>Smolen</u>, 80 F.3d at
7  1290.  If a claimant does not have a severe impairment or combination of impairments
8  that is severe, a claimant will be found non-disabled.  20 C.F.R. § 404.1520(a)(4)(ii) and
9  (c); <u>Tackett v. Apfel</u>, 180 F. 3d 1094, 1098 (9th Cir. 1999).

10        The step two determination is a <u>de</u> <u>minimis</u> screening device to dispose of
11  groundless claims.  <u>Bowen v. Yuckert</u>, 482 U.S. at 153-54.  An impairment or
12  combination of impairments can be found nonsevere only if the evidence establishes a
13  slight abnormality that has no more than a minimal effect on an individual's ability to
14  work.  SSR 85-28; <u>Webb v. Barnhart</u>, 433 F.3d 683, 686-87 (9th Cir. 2006); <u>Smolen</u>, 80
15  F.3d at 1290; <u>Yuckert v. Bowen</u>, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-
16  28).  If an adjudicator is unable to determine clearly the effect of an impairment or
17  combination of impairments on the individual's ability to do basic work activities, the
18  sequential process should not end at step two.  <u>Webb</u>, 433 F.3d at 687 (adopting SSR
19  85-28).

20      **B.   Analysis**

21        Plaintiff alleges she is unable to work due to hyperglycemia, depression, pain
22  associated with acid reflux and nerves, memory loss, diabetes and high blood pressure.
23  (AR 21.)  She states she is often tired or weak, and her back, feet and knees hurt after
24  standing.  (AR 21.)  Substantial evidence, however, supports the ALJ's step two finding
25  that Plaintiff does not have any severe physical or mental impairments that significantly
26  limit her ability to perform basic work activities.  (AR 20.)

27        To begin, numerous physicians found no severe impairments that cause more
28  than mild functional limitations.  State agency reviewing physicians Dr. Lizrraras in 2011

1  and Dr. Norcross found no severe physical impairments.  (AR 492-493, 736.)  Medical

2  records and diagnostic studies support their assessments.  (AR 23.)  Consulting

3  psychiatrist Dr. Jaga Nath Glassman found no objective mental status findings in 2007.

4  (AR 335.)  State agency reviewing physicians Dr. Gregg, Dr.  Funkenstein and Dr.

5  Santulli found no psychiatric limitations.  (AR 503-504, 505-515, 736.)  The ALJ made an

6  adverse credibility finding (AR 21, 22) that also supports the ALJ's nonseverity finding.

7  Significantly, Plaintiff does not challenge the ALJ's adverse credibility finding.

8       More specifically, the ALJ found that there was medical evidence that Plaintiff has

9  diabetes mellitus.  (AR 19.)  The ALJ, however, also found that this condition was being

10  managed medically and should be amenable to proper control by adherence to

11  recommended medical management and medication compliance.  (AR 19.)  Her

12  treatment for diabetes has been limited to medication and progress appointments.  (AR

13  22.)  No aggressive treatment has been recommended.  (AR 19-20); Warre v. Comm'r of

14  Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled

15  effectively with medication are not disabling).  Plaintiff points to findings of uncontrolled

16  diabetes and that her blood sugars are not well controlled (AR 342, 720, 721, 797) but

17  hospital notes indicate that she "seldom checks sugar."  (AR 422.)  Nor has she ever

18  been hospitalized for diabetic problems.  (AR 422.)  There are findings that Plaintiff has

19  hypoglycemia (413, 420, 422) but hospital notes indicate it is "asymptomatic."  (AR 422.)

20       Plaintiff was examined in 2007 by a consulting internist Dr. Phong Dao who gave

21  Plaintiff a light RFC.  (AR 24, 338-43.)  Dr. Dao reviewed no medical records (AR 339)

22  and noted that according to Claimant's history her blood sugars are not well controlled.[2]

23  (AR 342.)  An ALJ, however, may reject the opinion of an examining physician

24  contradicted by another physician for specific legitimate reasons.  Bayliss v. Barnhart,

25

26  [2]   The ALJ inaccurately stated that Plaintiff's diabetes is well controlled (AR 22) but the error
was harmless because it is inconsequential to the ultimate nondisability determination.

27  Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).  The ALJ's error was harmless
because the record here does not support the presence of functional limitations due to diabetes

28  and other physicians found no severe physical impairments.

1   427 F.3d 1211, 1216 (9th Cir. 2005).  The ALJ did so here.  The ALJ gave Dr. Dao's
2   opinion little weight because there were no positive findings from the physical
3   examination.  (AR 24.)   An ALJ may reject a physician's opinion that is not supported or
4   is contradicted by his treatment notes.  Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th
5   Cir. 2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ may reject
6   physician opinion if it is inadequately supported by clinical records); Rollins v. Massanari,
7   261 F.3d 853, 856 (9th Cir. 2001) (physician opinion discounted if treatment notes fail to
8   present the sort of description and recommendations one would expect to accompany
9   an opinion of disability); Bayliss, 427 F.3d at 1216 (ALJ may reject physician's opinion
10  which is contradicted by his treatment notes).

11        The ALJ also found that functional limitations associated with diabetes are not
12  supported by the record.  (AR 24.)  In a note dated March 29, 2011, State reviewing
13  physician Dr. Lizrraras, reviewing the record which included Dr. Dao's report, found no
14  neurological abnormalities and no end organ damage, and assessed Plaintiff as
15  physically nonsevere.  (AR 493.)  Dr. Norcross in 2012 concurred in this assessment.
16  The contradictory opinions of other physicians provide specific, legitimate reasons for
17  rejecting a physician's opinion.  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir.
18  2001).  The opinions of non-examining physicians like Dr. Lizrraras and Dr. Norcross
19  constitute substantial evidence where as here those opinions are consistent with and
20  supported by other independent evidence in the record.  Lester v. Chater, 81 F.3d 821,
21  830 (9th Cir. 1995); Morgan, 169 F.3d at 600.

22        The ALJ found that Plaintiff's other alleged physical impairments were not
23  medically determinable.  For example, Plaintiff alleges breathing difficulties but the
24  medical records do not support this allegation.  She was prescribed an albuterol inhaler
25  to use on an as needed basis (AR 22, 23); there was no more aggressive treatment.
26  She complained of chest pain but a stress echocardiogram yielded normal findings.  (AR
27  23.)  So did a chest X-ray.  (AR 23.)  X-ray diagnostic studies revealed only mild
28  degenerative changes in her back, spine and hip.  (AR 23.)  The ALJ's physical

8

1  nonseverity finding is supported by substantial evidence and by the unchallenged
2  adverse credibility finding.

3          As for mental impairments, the ALJ found that Plaintiff has an affective disorder.
4  (AR 19.)  The ALJ, however, also found that there was no evidence that this condition
5  causes more than mild impairment in any dimension and thus is nonsevere.  (AR 20.)
6  The ALJ found Plaintiff's depressive symptoms are managed medically with medication
7  and counseling.  (AR 22.)  There is no evidence of any involuntary psychiatric
8  hospitalization or periods of decompensation consistent with disability.  (AR 22.)

9          Supporting the ALJ's mental nonseverity finding are the opinions of several
10 physicians.  In a December 18, 2007 psychiatric evaluation report, Dr. Jaga Nath
11 Glassman noted probable major depression and possible post-traumatic stress disorder
12 over the death of her son, but also that Claimant "showed little in the way of objective
13 mental status findings." (AR 335.)  Dr. Glassman found that, despite Claimant's
14 depression and PTSD, she is capable of behaving in a socially appropriate manner,
15 adapting to workplace stress, following simple and complex instructions and maintaining
16 concentration, persistence and pace.  (AR 336.)  He noted Claimant takes care of her
17 son and is able to do household chores.  (AR 336.)  There were no apparent functional
18 limitations.  (AR 24.)  In a June 13, 2011 complete psychiatric evaluation report,
19 Dr. Linda Smith reported Claimant was evasive and uncooperative about her treatment
20 history.  (AR 494-498.)  Dr. Smith found Claimant not credible.  (AR 500.)  Although Dr.
21 Smith made no diagnosis, she also stated she did not see any evidence of a psychiatric
22 disorder or any evidence that Claimant is impaired in her ability to work from a
23 psychiatric standpoint.  (AR 500-501.)  Three State reviewing physicians, Dr. Gregg, Dr.
24 Funkenstein and Dr. Santulli, found that Plaintiff had no severe psychiatric impairment.
25 (AR 503-504, 505-514, 736.)  The only other medical opinion in the record is from
26 Dr. Denise Dittemore who found major depressive disorder but no more than mild to
27 moderate symptoms.  (AR 22-23, 744-750.)  Based on the above medical evidence, the
28 ALJ found that Plaintiff had only mild limitations in activities of daily living, social

1 functioning, and in concentration, persistence and pace, and no episodes of

2 decompensation of extended duration.  (AR 24.)  The ALJ's adverse credibility finding

3 (AR 21, 22) further supports the mental nonseverity finding.

4       The ALJ's finding of nonsevere physical and mental impairments is supported by

5 substantial evidence, including Plaintiff's lack of credibility.  (AR 21, 22.)  The ALJ

6 discounted Plaintiff's alleged subjective symptoms (AR 21, 22), a finding Plaintiff does

7 not challenge.

8       Plaintiff disputes the ALJ's interpretation of the record evidence but it is the ALJ's

9 responsibility to resolve conflicts in the medical evidence and ambiguities in the record.

10 Andrews v. Shalala, 53 F.3d 1034,1039 (9th Cir. 1995).  Where the ALJ's interpretation

11 of the record is reasonable as it is here, it should not be second-guessed.  Rollins, 261

12 F.3d at 857.

13       The ALJ's step two finding that Plaintiff does not have a severe impairment or

14 combination of impairments that significantly limit Claimant's ability to perform basic

15 work activities is supported by substantial evidence.  The ALJ's nondisability

16 determination is supported by substantial evidence and free of legal error.

17 **ORDER**

18       IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

19 Commissioner of Social Security and dismissing this case with prejudice.

20

21 DATED: <u>December 2, 2014</u>                  <u>*/s/ John E. McDermott*</u>

22                                        JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28